UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

    Plaintiff/Stakeholder,

v.

ARTHUR HASKOOR, et al.,

    Defendants/Claimants.

Civil Action No. 16-808 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Defendants/Claimants Dina D'Alessandro's ("D'Alessandro"), as Executrix of the Estate of Susanne Haskoor, Thomas Haskoor and Jake Haskoor's (collectively, "Claimants"), motion for summary judgment against Defendant Arthur Haskoor ("Defendant"), pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. (ECF No. 20.) Defendant did not file opposition to the motion. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Claimants' motion.

**I.    BACKGROUND**

At issue in this case are the life insurance benefits under two insurance policies issued by Interpleader Plaintiff American General Life Insurance Company ("American General" or "Interpleader Plaintiff") for decedent, Susan Haskoor ("Decedent"). (Statement of Undisputed Material Facts ("SUMF") ¶¶ 28-30, ECF No. 20-1.) American General issued the first policy to Decedent on December 4, 2001, and issued the second policy to Decedent on June 16, 2015. (*Id.* ¶¶ 29-30.) The policies had face values of $500,000 and $2,000,000, respectively. (*Id.*) Both

policies designated Defendant, Decedent's husband, as the primary beneficiary and neither policy designated contingent beneficiaries. (*Id.* ¶¶ 4, 29-30.) Decedent was murdered on August 25, 2015 at her residence in Plumsted Township, New Jersey. (*Id.* ¶ 11.) Following Decedent's murder, Defendant was arrested and charged with murder, pursuant to N.J.S.A. 2C:11-3, and possession of a weapon for unlawful purpose, pursuant to N.J.S.A. 2C:39-4(d).[1] (*Id.* ¶ 27.) At the time of her death, Decedent and Defendant had two children, Thomas Haskoor and Jake Haskoor.[2] (*Id.* ¶¶ 5-7.) D'Alessandro is Decedent's sister and the Executrix of Decedent's estate.[3] (*Id.* ¶¶ 1, 3.)

On February 16, 2016, American General filed an interpleader action and motion to deposit funds. (ECF Nos. 1-2.) On May 9, 2016, American General filed a request for default against Arthur Haskoor based on Defendant's failure to appear, which the Clerk of the Court entered. (ECF No. 10.) The Court granted American General's motion to deposit funds on May 31, 2016. (ECF No. 12.) On June 16, 2016, American General deposited $2,518,338.93 into the Court's registry (ECF No. 13) and the Court discharged American General from this action on August 2, 2016 (ECF No. 19). On September 8, 2016, Claimants filed their motion for summary judgment seeking disbursement and turnover of the life insurance proceeds that were previously deposited with the Clerk. (ECF No. 20.)

## II. <u>JURISDICTION</u>

Before the Court may reach the merits of the motion, it must first determine whether it has personal jurisdiction over the parties and subject matter jurisdiction. *See Am. Gen. Life Ins. Co. v.*

---

[1] To date, Defendant remains incarcerated on these charges. (SUMF ¶ 40.)

[2] Decedent did not have any children other than Thomas Haskoor and Jake Haskoor. (*Id.* ¶ 9.)

[3] Decedent's Last Will and Testament has been admitted to probate with the Ocean County Surrogate. (*Id.* ¶ 10.)

2

*Jae*, No. 08-74, 2010 WL 3001198, at *2 (D.N.J. July 28, 2010) (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). With respect to personal jurisdiction, 28 U.S.C. § 2361 provides for nationwide service of process for statutory interpleader claims. Here, Interpleader Plaintiff served each party in the United States and it appears that all parties have minimum contacts with the United States as a whole. *See Jae*, 2010 WL 3001198, at *2 (citing *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 293 (3d Cir. 1985)). Accordingly, the Court may exercise personal jurisdiction.

With respect to subject matter jurisdiction, this matter is an interpleader action brought under 28 U.S.C. § 1335. (Compl. ¶ 1, ECF No. 1.) Pursuant to 28 U.S.C. § 1335, district courts have original jurisdiction over civil interpleader actions where: (1) there is minimal diversity between two or more adverse claimants; (2) the amount in controversy is $500 or more; and (3) the plaintiff has deposited such money or property into the registry of the court or has given a bond payable to the clerk of court in an amount deemed proper by the court, conditioned upon the plaintiff's compliance with the court's future judgment or order with respect to the subject matter of the controversy. 28 U.S.C. § 1335(a). Here, the Complaint alleges that Claimant Thomas Haskoor resides in Wilkes Barre, Pennsylvania, and that the other Claimants reside in New Jersey. (Compl. ¶¶ 4-7.) The Complaint additionally alleges that the amount in controversy is $2,500,000, exclusive of interest. (*Id.* at ¶ 8.) Finally, Interpleader Plaintiff deposited the funds at issue with the Clerk of Court. (ECF No. 13.) Accordingly, the Court has subject matter jurisdiction over this action.

### III. DISCUSSION

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if there is sufficient evidentiary support such that "a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson*, 477 U.S. at 248). Disputes over irrelevant or unnecessary facts will not preclude a court from granting summary judgment. *Anderson*, 477 U.S. at 248.

To decide whether a genuine dispute of material fact exists, the Court must consider all facts, drawing all reasonable inferences in a light most favorable to the non-moving party. *Kaucher*, 455 F.3d at 423. On a motion for summary judgment, however, a court's "function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine [dispute] for trial." *Anderson*, 477 U.S. at 249. Absent a genuine dispute for trial, summary judgment as a matter of law is proper. *Id.* at 249-50. Local Civil Rule 56.1 provides that:

> [o]n motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. . . . The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.

L. Civ. R. 56.1(a).

New Jersey's Slayer Statute, N.J.S.A. 3B:7-1.1(b)(1), provides that:

> [t]he intentional killing of the decedent: (1) revokes any revocable (a) disposition or appointment of property made by decedent to the killer in a governing instrument and any disposition or appointment created by law or in a governing instrument to a relative of a killer, (b) provision in a governing instrument conferring a general or special power of appointment on the killer or a relative of the killer, and (c) nomination in a governing instrument of the killer or a

4

> relative of the killer, nominating or appointing the killer or a relative of the killer to serve in any fiduciary or representative capacity[.]

N.J.S.A. 3B:7-6 further provides that:

> [a] final judgment of conviction establishing responsibility for the intentional killing of the decedent is conclusive for purposes of this chapter. In the absence of such a conviction the court may determine by a preponderance of evidence whether the individual was responsible for the intentional killing of the decedent for purposes of this chapter.

The governing instruments in this matter, Decedent's two life insurance policies, named Defendant as the beneficiary. The Undisputed Material Facts in this matter provide that Decedent "was murdered by her husband Arthur Haskoor" on August 25, 2015. (SUMF ¶ 11.) The Undisputed Material Facts, which are substantiated by the underlying police reports submitted in support of Claimants' motion, support a finding that Claimants have demonstrated by a preponderance of the evidence that Defendant intentionally killed Decedent.

The Undisputed Material Facts indicate that following Decedent's murder, the Ocean County Prosecutor's Office performed an investigation and, when questioned by detectives, Defendant confessed to killing Decedent. (*Id.* ¶ 12.) Defendant related the following when interviewed by detectives: (1) he filed for divorce in June 2015; (2) he had an argument with Decedent on August 24, 2015 regarding the division of their assets; (3) the argument continued on August 25, 2015, during which Defendant became angry because he believed that he would receive less of the marital assets than he felt he was entitled to receive; (4) he dragged Decedent from the bathroom to the dining room and punched her a couple of times; (5) he grabbed a knife from the kitchen counter; (6) when he and Decedent went outside of the residence, he choked Decedent and got on top of her; (7) he subsequently stabbed Decedent a number of times; (8) after stabbing Decedent, he reentered the residence and attempted to overdose on prescription pain medications; and (9) he left Decedent's body lying in the driveway of their residence. (*Id.* ¶¶ 13-21, 24.)

5

Defendant was subsequently arrested and charged with murder and possession of a weapon for unlawful purposes. (*Id.* ¶ 27.)

The facts presented by the instant case represent those that were anticipated by New Jersey's Slayer Statute. Moreover, facts such as the ones presented in this case were previously addressed under common law. As the court stated in *Bennett v. Allstate Insurance Co.*, a case in which the Appellate Division affirmed the award of insurance proceeds to the estate of the insured, "[t]he common law has long followed the . . . principle" "that an intentional killer will not be permitted to benefit, directly or indirectly, from his wrongful act." 317 N.J. Super 324, 329 (App. Div. 1998). The *Bennett* court further stated:

> Absent the statute's presumption that he predeceased the decedent, had [the killer] received the insurance proceeds from his wife's policy, he would have been deemed to hold them in constructive trust for the benefit of the . . . children[.]
>
> * * *
>
> The legislature surely intended to allow a victim's estate, which consists of the children to whom both insureds owed a duty of support, to receive the benefits which would have been forthcoming at common law[.]

*Id.* (internal citations omitted). Accordingly, under the specific facts raised by the present case, the Court finds good cause to grant Claimants' motion.

IV. **CONCLUSION**

For the reasons set forth above, the Court grants Claimants' motion. The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Date:** April 28, 2017

6